374

## Pavloff et ux. v. Clark-Kehoe Chevrolet, Inc.

*Hyman Rockmaker*, for plaintiffs.
*Ralph H. Schatz*, for defendant.

HENNINGER, J., September 16, 1935.—Plaintiffs sued defendant in an action of trespass for injuries sustained in a collision in this county, between plaintiffs' automobile and that of defendant. In the statement of claim defendant, an Ohio corporation, is described as a Michigan corporation and service of the summons was made under the Act of April 24, 1931, P. L. 50, 75 PS §1201, by the sheriff of Dauphin County, deputized by the sheriff of Lehigh County, upon the Secretary of Revenue of the Common-

wealth of Pennsylvania and by registered mail addressed to the defendant at Jackson, Mich. The return receipt attached to the return bears the name of the addressee and the signature of Merle Couey as agent.

Defendant has entered an appearance de bene esse and moved to set aside service of the summons upon the theory that such dissolution revoked the agency of the Secretary of Revenue and that a dissolved corporation cannot have an agent to receipt for the summons mailed to it. In proof of its nonexistence, a certificate of dissolution, dated December 29, 1934, and a certification to the Secretary of State for failure to file reports and pay an annual fee, dated November 15, 1933, are attached to the petition, being certified by the Secretary of State of Ohio. Defendant also attaches to the petition a certificate by the Secretary of State of Michigan that on January 3, 1935, defendant had given notice of its withdrawal from the State of Michigan.

If we were convinced that the defendant is totally out of existence by dissolution and absolute cancellation of its charter, some knotty problems might await our decision. For the reasons hereinafter stated, however, we believe there is no merit to defendant's contentions.

There is no allegation, and if there were, there is no proof that the person signing the return receipt had no authority to accept registered mail for defendant. The only contention is that he could not be the agent because a dissolved corporation can have no agent.

We might base our decision upon the insufficiency of any proof of cancellation of the charter or dissolution of the corporation. While the certificate of the Secretary of State of Ohio designates these papers as such, the one is simply a certification of a delinquent corporation to the Secretary of State and an acknowledgment by him of such filing. We can only guess the effect of such filing from item third of the certificate of dissolution, giving cancellation of the charter as cause for dissolution and from the heading of the certification "Cancellation of Charters".

Whether it is the Secretary of the Tax Commission who cancels or the Secretary of State or whether it is by operation of law we can only surmise.

As to the certificate of dissolution, we must presume from the certification of its being filed and recorded that all the prerequisites to its efficacy have been complied with and that the corporation has ceased to function.

We base our decision, however, upon the statement upon the certificate of dissolution itself that either upon cancellation of its charter or upon its dissolution, an Ohio corporation "shall continue for the sole purpose of paying, satisfying and discharging any existing liabilities and obligations, collecting and distributing its assets and doing all other acts required to adjust, settle, and wind up its business and affairs, and it may do all such acts and may sue and be sued in its corporate name". The very paper, therefore, which is presented as proof of defendant's extinction, shows that it continues to have corporate entity.

Whether or not, therefore, this charter has been cancelled or the corporation dissolved, so that defendant has forfeited or surrendered its right to engage in the functions for which it was created, it remains an entity for limited purposes and one of those purposes is to satisfy its obligations and to be sued thereon "in its corporate name". Since it continues in existence for this purpose, it may have an agent to assist in the performance of it.

Nor does the withdrawal from Michigan affect the service of papers there. We note in the certificate of dissolution in Ohio that the principal office of the corporation is in Jackson, Mich.; hence, though it has ceased to perform its corporate purposes in Michigan, certainly its principal office is where it would perform the limited functions for which it continues to exist as an Ohio corporation. Nor can a certificate of withdrawal vitiate service at the "last known address" if no such withdrawal was actually effected. Defendant has failed to convince us, in the face of the sheriff's return, that it does not exist, at

least for the one purpose which concerns us, namely to be sued.

Now, September 16, 1935, the rule to set aside service in the above captioned case is discharged and defendant is ordered to file an affidavit of defense, if it so see fit, within 15 days after service of this order upon its counsel.

From Edwin L. Kohler, Allentown.